IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

                                              CASE NO. 03-CR-2512-RB

PEDRO VARGAS-SERRANO

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the issue of whether the Government must prove that Defendant's ("Vargas-Serrano") prior alien smuggling conviction was "for profit" in order to implement a 16 level enhancement under § 2L1.2(b)(1)(A) of the 2002 Sentencing Guidelines. Vargas-Serrano objects to the 16 level enhancement in light of the Supreme Court's holding in *Shepard v. United States*. For the following reasons, I will **OVERRULE** Vargas-Serrano's objection to the PSR and find that the 16 level enhancement under § 2L1.2(b)(1)(A) is appropriate.

**I. Factual background.**

On September 7, 2003, Vargas-Serrano pleaded guilty to an information charging him with Reentry of an Aggravated Felon in violation of 8 U.S.C. § 1326(b)(2). Vargas-Serrano had previously been convicted in 2000 of Transporting Illegal Aliens in the District of New Mexico. At sentencing for this prior conviction, Vargas-Serrano never objected to Judge Hanson's adoption of the presentence report ("PSR") factual findings. Judge Hanson noted that "the defendant participated in a scheme to smuggle aliens into the United States." The PSR stated that Vargas-Serrano and another individual "were paid $400.00 each from an unknown individual in Ciudad Juarez, to take the illegal aliens to Hatch, New Mexico where they would turn them over to another smuggler for

the remainder of the journey." Vargas-Serrano provided the Probation Office with his own statement in exchange for a 2-level reduction for acceptance of responsibility, which read as follows: "I agreed to take twelve undocumented aliens to Hatch, New Mexico. I was to be given $400.00 . . . ."

In sentencing Vargas-Serrano to two years in prison on his prior conviction for alien smuggling, the district court computed his base offense level at 12 under § 2L1.1 of the Guidelines. U.S.S.G. § 2L1.1 (2002). Section 2L1.1 provides for a 3-level decrease in the base offense level if the offense "was committed other than for profit." *Id.* The district court did not reduce Vargas-Serrano's base offense level.

**II. Discussion.**

We are dealing with the 2002 Sentencing Guidelines in this case. *See* Government's Mem. Concerning the Application of U.S.S.G § 2L1.2(b)(1)(A) at 4, n.4 (stating that "the parties believe that the 2002 version of the Guidelines is the appropriate version to use in the instant case.") Section 2L1.2 (b)(1)(A)(vii) provides for a 16 level increase to the base offense level of 8 if the defendant was previously deported after "an alien smuggling offense committed *for profit*." (emphasis added). The Guidelines state that "committed for profit" means "committed for payment or expectation of payment." comment. (n.1(B)). In order to apply the 16-level enhancement to Vargas-Serrano, therefore, the Court must find that he was previously convicted of an alien smuggling offense committed for profit.

In *United States v. Martinez-Candejas*, 347 F.3d 853, 855 (10th Cir. 2003), the Tenth Circuit held that the defendant's prior conviction for conspiracy to transport and harbor illegal aliens was an "alien smuggling offense" under the Guidelines and the district court "may look beyond the elements of the prior offense to determine whether it was 'committed for profit.'" In *Martinez-Candejas*, the

2

defendant pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. *Id.* at 854. The defendant had previously been convicted in 1993 for conspiracy to transport and harbor illegal aliens. *Id.* The Tenth Circuit held that the district court properly relied on the PSR from the 1993 conviction in determining that the prior offense had been committed "'for profit,' thereby triggering a sixteen-level enhancement . . . under U.S.S.G § 2L1.2(b)(1)(A)." *Id.* at 854, 859.

In *United States v. Rodriguez-Herrera*, 2004 WL 2730107 at *2 (10th Cir. Dec. 1, 2004) (unpublished decision), the Tenth Circuit held that a 16-level increase to the base offense level was proper because the evidence supported a determination that the defendant had previously smuggled aliens "for profit." In *Rodriguez-Herrera*, the Probation Office prepared a PSR after the defendant pleaded guilty to violating Section 1326. *Id.* at *1. The Probation Office noted the base offense level for illegal re-entry was 8 under U.S.S.G § 2L1.2(a) and recommended a 16-level increase under § 2L1.2(b)(1)(A) because the defendant's 1998 offense of unlawfully transporting aliens was committed "for profit." *Id.* Defendant objected to this characterization of his prior conviction.

The addendum to the PSR for sentencing on the defendant's illegal reentry conviction explained that: "The Court adopted the [1998] presentence report, which indicates . . . that the defendant along with the co-defendants . . . were in the process of transporting the load of aliens . . . . The fees for each alien upon delivery ranged from $600 to $850." *Id.* The probation officer explained that "[t]he second thing that stood out [was that] when . . . the Northern District applied [U.S.S.G. § 2L1.1], [it] applied a Level 12 on the Base Offense Level . . . [a]nd then . . . it says 'if the offense was committed *other than for profit*, decrease by three levels . . . .' [The court] didn't decrease . . . which is telling us that it was for profit." *Id.*

3

According to the *Rodriguez* court, "the 1998 PSR provided the probation officer a reliable basis for his recommendations because: 1) the 'for profit' language was specifically included in the . . . PSR; 2) the [court] 'adopt[ed] the factual findings of the . . . PSR as part of its sentencing;' and 3) the . . . district court's failure to decrease Defendant's offense level under U.S.S.G. § 2L1.1(b)(1) implied Defendant smuggled aliens for profit." *Id.* at *2. Moreover, the Tenth Circuit held that a defendant's "failure to object to a fact in a presentence report, or failure to object at the hearing, acts as *an admission of fact*." *Id.* (citing *United States v. Shinault*, 147 F.3d 1266, 1278 (10th Cir. 1998) (emphasis added).

Likewise, Vargas-Serrano pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. He was previously convicted in 2000 of transporting illegal aliens. The 2000 PSR stated that Vargas-Serrano received $400.00 to smuggle aliens from Mexico to Hatch, New Mexico. During sentencing on this previous offense, Judge Hansen adopted the factual findings of the PSR, which "specifically included" the "'for profit' language." *Rodriguez-Herrera* at *2. In addition, Vargas-Serrano's failure to object to the facts contained in the PSR constituted an admission that he previously smuggled aliens for profit. *Id.* Judge Hansen declined to decrease Vargas-Serrano's base offense level of 12 by 3 under U.S.S.G. § 2L1.1 for offenses committed "other than for profit." Though not dispositive, "the absence of the three-level decrease certainly provides some indication that Defendant may not have qualified for the 'other than for profit' exception under the Guidelines . . . ." *Id.*

Counsel argues that the Supreme Court's recent ruling in *Shepard v. United States* dictates a different result. In *Shepard v. United States*, 2005 WL 516494 at *9 (March 7, 2005), the Supreme Court held that the district court can look to "the statutory definition, charging document, written plea agreements, transcript of plea colloquy . . . any explicit factual finding by the trial judge *to which*

4

*the defendant assented* . . . or to some comparable judicial record of this information" to determine a fact of prior conviction. *Id.* at *3, 9 (emphasis added). The Supreme Court noted that in pleaded cases the district court can only consider "the statement of factual basis for the charge . . . shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact *adopted by the defendant* upon entering the plea." *Id.* at *5-6 (emphasis added).

I believe that, consistent with *Shepard*, the Court can consider the sentencing colloquy between Judge Hansen and Vargas-Serrano in determining if his prior conviction for alien smuggling involved an offense committed "for profit." First, Vargas-Serrano admitted to smuggling aliens for profit by failing to object to the findings of fact in the PSR at his 2000 sentencing hearing before Judge Hansen. *Rodriguez-Herrera* at *2 (citing *United States v. Shinault*, 147 F.3d 1266, 1277-78 (10th Cir. 1998). Second, during the sentencing colloquy between Judge Hanson and Vargas-Serrano, Judge Hanson adopted the factual findings of the PSR and Vargas-Serrano assented. This constitutes a "comparable judicial record" to the information contained in a transcript of a plea colloquy. *Shepard* at *3, 9. Because the 2000 PSR contained explicit language indicating Vargas-Serrano smuggled aliens "for profit," Judge Hanson adopted the factual findings contained in the 2000 PSR, Vargas-Serrano failed to object to the 2000 PSR at sentencing, and Judge Hanson did not decrease his base offense level by three for offenses committed "other than for profit," the 16-level base offense level increase is appropriate.

The Court, therefore, hereby **OVERRULES** Defendant's objection to the PSR and finds that the 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) is appropriate in this case.

_____

**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**